UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER B.[1]

    Plaintiff,

v.


COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 25-10976
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

---

**ORDER ADOPTING REPORT AND RECOMMENDATION [16],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[14], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT [12]**

---

Jennifer B. applied for disability insurance benefits and supplemental security income in September 2021 due to depression, anxiety disorder, and post-traumatic stress order. (ECF No. 16, PageID.942–943.) An administrative law judge (ALJ) denied Jennifer's claims, and the Appeals Council denied further review, so the ALJ's decision constituted a final decision by the Commissioner of Social Security. (*Id.* at PageID.944.) Jennifer sought judicial review of that denial. (ECF No. 1.)

On March 13, 2026, Magistrate Judge Elizabeth A. Stafford, to whom the case was referred for all pre-trial proceedings (ECF No. 11), issued a Report and

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

Recommendation (ECF No. 16) to grant the Commissioner's motion for summary judgment (ECF No. 14) and deny Jennifer's motion for summary judgment (ECF No. 12).

At the conclusion of her Report and Recommendation, Judge Stafford notified the parties that they were required to file any objections within fourteen days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived." (ECF 16, PageID.950–951.) That deadline has passed and no objections have been filed.

The Court finds that the parties' failure to timely object is a procedural default, waiving review of the magistrate judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." *See also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155. And "although exceptional circumstances may

warrant departure from this forfeiture rule in the interests of justice, no such circumstances are present in this case." *White v. AJM Packaging Corp.*, No. 23-1618, 2024 U.S. App. LEXIS 5824, at *4 (6th Cir. March 11, 2024) (citing *Thomas*, 474 U.S. at 155; *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012)).

The Court therefore finds that the parties have waived further review of Judge Stafford's Report and Recommendation (ECF No. 16) and accepts her recommended disposition. It follows that the Commissioner's motion for summary judgment (ECF No. 14) is GRANTED and Jennifer's motion for summary judgment (ECF No. 12) is DENIED. A separate judgment will follow.

IT IS SO ORDERED.

Dated: June 30, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE